IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39076

| IN THE MATTER OF THE | ) | 2011 Unpublished Opinion No. 710 |
| TERMINATION OF PARENTAL RIGHTS | ) | |
| OF JANE (2011-14) DOE | ) | Filed: November 21, 2011 |
| ------------------------------------------------------- | ) | |
| IDAHO DEPARTMENT OF HEALTH & | ) | Stephen W. Kenyon, Clerk |
| WELFARE, | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| Petitioner-Respondent, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| v. | ) | |
| | ) | |
| JANE (2011-14) DOE, | ) | |
| | ) | |
| Respondent-Appellant. | ) | |
| | ) | |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cathleen MacGregor Irby, Magistrate.

Order terminating parental rights, affirmed.

Alan E. Trimming, Ada County Public Defender; Adam C. Kimball, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mary Jo Beig, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Jane Doe appeals from the magistrate's decision terminating her parental rights as to her two children, Jane Doe I and Jane Doe II. Specifically, Doe contends the magistrate erred in finding that it was in the children's best interest to have Doe's parental rights terminated. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of Jane Doe I and Jane Doe II, both born in 2007. This case originated from a June 2010 referral to the Idaho Department of Health and Welfare (Department) when Doe left the children with a relative and did not return. On June 19, 2010, Jane Doe I and Jane

1

Doe II were declared in imminent danger by law enforcement. The Department was granted legal custody by a magistrate on July 15, 2010. A court-supervised case plan was approved on August 23, 2010. Doe was to complete the tasks: (1) learn appropriate and effective ways to meet the children's needs through parenting instruction/education and support; (2) complete a parenting instruction course pre-approved by the Department; (3) participate in addressing her children's medical and developmental needs; (4) obtain and maintain a safe, stable, healthy, and drug-free home environment for herself and her children; (5) comply with random home visits; (6) obtain and maintain appropriate and legitimate employment/income to provide for herself and the children and provide the assigned Department worker with the necessary documentation to verify her employment/income; (7) apply for self-reliance benefits, when appropriate and needed; (8) obtain a substance abuse assessment and follow all recommendations; and (9) complete a mental health assessment and follow the recommendations. Doe did not achieve the tasks set out in her case plan. On December 21, 2010, the magistrate entered an order authorizing the suspension of reasonable efforts as to the parents and an order approving termination and adoption as the permanent plan, and a six-month review hearing was set.

A petition for termination of parent-child relationship was filed on December 27, 2010, with an amended petition filed on May 4, 2011. Doe filed an answer on June 15, 2011, and a trial was held on June 29, 2011. The magistrate terminated Doe's parental rights to both children. Doe appeals.

## II.

## DISCUSSION

Doe contends that the magistrate's decision is not supported by the evidence. In an action to terminate parental rights, due process requires this Court to determine if the magistrate's decision was supported by substantial and competent evidence. *In re Doe*, 143 Idaho 343, 345, 144 P.3d 597, 599 (2006). Substantial and competent evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 345-346, 144 P.3d at 599-600. This Court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Doe v. Doe*, 148 Idaho 243, 245-246, 220 P.3d 1062, 1064-1065 (2009). We conduct an independent review of the record that was before the magistrate. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002); *see also Quilloin v. Walcott*, 434 U.S. 246, 255 (1978). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). "Implicit in [the Termination of Parent and Child Relationship Act] is the philosophy that wherever possible family life should be strengthened and preserved . . . ." Idaho Code § 16-2001(2). Therefore, the requisites of due process must be met when the Department intervenes to terminate the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the Department prove grounds for terminating a parent-child relationship by clear and convincing evidence. *Id.*

Idaho Code § 16-2005 permits the Department to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period which will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117. The magistrate terminated Doe's parental rights on the grounds of neglect, I.C. § 16-2005(1)(b), and inability to discharge parental responsibilities for a prolonged period, I.C. § 16-2005(1)(d). Doe does not challenge those decisions, but those decisions are important in that they support the determination that is challenged. Doe only contends that the magistrate erred in terminating her parental rights under the best interest analysis.

The magistrate found that Doe neglected the children under the general definition of neglect. Idaho Code § 16-1602(25) includes that "neglected" means a child:

> (a) Who is without proper parental care and control, or subsistence, medical or other care or control necessary for his well-being because of the conduct or omission of his parents, guardian or other custodian or their neglect or refusal to provide them; however, no child whose parent or guardian chooses for such child treatment by prayers through spiritual means alone in lieu of medical treatment shall be deemed for that reason alone to be neglected or lack parental care necessary for his health and well-being, but this subsection shall not prevent the court from acting pursuant to section 16-1627, Idaho Code; or

3

(b) Whose parents, guardian or other custodian are unable to discharge their responsibilities to and for the child and, as a result of such inability, the child lacks the parental care necessary for his health, safety or well-being. . . .

The magistrate concluded that the State demonstrated, with clear and convincing evidence, that Doe had neglected the children under I.C. § 16-1602(25)(a), because she has "untreated substance abuse and/or mental health issues that impair her ability to provide proper parental care and control." To support this finding, the magistrate referenced Angie Champney's testimony. Champney is a social worker with the Department and was the Doe family case manager from December 2010 through June 2011. Champney testified that Doe never obtained a substance abuse evaluation and never provided any form of verification of substance abuse treatment. Likewise, Doe never completed a mental health evaluation or provided Champney with verification of receiving mental health treatment. Champney also testified that since June 2010 Doe had not regularly seen her children and had not prioritized the relationship with her children. Doe also did not demonstrate an ability to provide stable housing or to financially support the children's basics needs, such as food and clothing. Lastly, Champney testified that Doe was arrested and could be incarcerated through August 2011 and that during incarceration, she cannot provide proper parenting for the children. The magistrate found Champney's testimony to be credible and unrefuted.

The magistrate also terminated Doe's parental rights pursuant to I.C. § 16-2005(1)(d). Termination of the parental relationship can occur when "[t]he parent is unable to discharge parental responsibilities and such inability will continue for a prolonged indeterminate period and will be injurious to the health, morals, or well-being of the child." I.C. § 16-2005(1)(d). The magistrate concluded that the State demonstrated, with clear and convincing evidence, that Doe "has not demonstrated the ability to independently meet the financial, housing, medical, and/or emotional needs for herself and/or her children." In addition to Champney's testimony, the magistrate referenced Eileen Ursillo's testimony. Ursillo is a licensed social worker with the Department and was the Doe family case manager from July through December 2010. Ursillo testified that Doe failed to obtain a mental health assessment or verify that she sought mental health treatment. Doe also failed to complete a substance abuse evaluation, indicating that she did not have a problem with substance abuse. Doe never provided Ursillo with verification of completing the required parenting course. Likewise, Ursillo testified that Doe never verified her

4

employment or receiving a legitimate source of income. At the beginning of the child protection case, Doe was homeless and could not provide sufficient housing for herself and her children. Ursillo also testified that between the months of June and August 2010, nine visits were scheduled for Doe to see the children and she only attended five. From the end of August through November 2010, Doe only had one visit with the children and that was the last visit she had with the children up to the date of the hearing. Lastly, Doe testified that she had not been there for her children or provided for them in the past and did not refute any of Ursillo's testimony.

Based upon the evidence, the magistrate determined that termination was in the best interest of the children. The court specifically referenced, as support for that determination, that Doe: (1) cannot provide the children with a stable, safe, and consistent home environment; and (2) has not received treatment for her substance abuse and mental health issues. The magistrate further determined that Doe had not demonstrated that she had the independent ability to consistently provide emotional, financial, and physical support for her children. Both social workers testified to Doe being unable to provide shelter and a consistent home environment for the children. Based on the social workers' uncontroverted testimonies, the magistrate found that "during the course of the child protection case [Doe] has shown a complete disregard for her children's well-being by not maintaining contact with them, not visiting with them, and not addressing any issues that caused the children's removal despite being offered numerous services." The magistrate also found that Doe's "actions and omissions have proved her to be unstable and unreliable. It is in the children's best interest that they be protected from [Doe] and this type of behavior."

The record demonstrates that Doe has not taken any steps to complete a single task in her case plan. Doe completely failed to address any of the issues that caused the children to be taken away in the first place, which is not denied by Doe. Moreover, during the time before trial, Doe did little to nothing to maintain contact, attend medical appointments, or provide emotional support for her children. Therefore, it cannot be said that the magistrate's decision that termination is in the best interest of the children is not supported by substantial and competent evidence.

Doe testified that she had not addressed the issues preventing her from being a stable placement for her children because she had been ashamed and embarrassed for leaving the

children and not doing what she was supposed to for them. She claimed to now be ready to accept help and do what was necessary to keep the children. She testified that she believed it was in the best interest of the children to have their mother and brother in their lives and that when she last saw them they did not want to leave. Doe claims that the magistrate failed to properly consider her testimony and, instead, focused on her behavior during the child protection case. The magistrate did not fail to consider Doe's testimony as Doe contends. The magistrate specifically found that there was no question that Doe loves the children. However, the magistrate did not find Doe's testimony as credible as that of the social workers. Both Champney and Ursillo testified that, in their professional opinions, it would be in the best interest of the children to terminate Doe's parental rights and that the children needed stability. When conflicting evidence is presented, it is for the magistrate to evaluate the credibility of the witnesses and weigh the evidence. *Idaho Department of Health and Welfare v. Doe*, 149 Idaho 627, 631, 238 P.3d 724, 728 (Ct. App. 2010). Moreover, past behavior need not be disregarded and is a factor in determining current and future fitness. *See In re Dayley*, 112 Idaho 522, 525, 733 P.2d 743, 746 (1987); *State v. Doe*, 144 Idaho 839, 843, 172 P.3d 1114, 1118 (2007). Doe did virtually nothing, after the children were placed in care, to put herself in a position to provide and care for the children, and was in no position to do so at the time of trial. Permanency need not be delayed in the hope that a parent will someday be capable of parenting. *See Doe*, 149 Idaho at 633, 238 P.3d at 730. The magistrate properly recognized that, beyond parental love, children need moral guidance and training, which Doe had not provided. *See State v. Doe*, 143 Idaho 383, 389, 146 P.3d 649, 655 (2006). While undoubtedly Doe loves her children, she failed to meet their needs or demonstrate an ability to assume parental responsibilities.

## III.

## CONCLUSION

Substantial and competent evidence supports the magistrate's decision to terminate Doe's parental rights. The magistrate's order terminating Doe's parental rights is, therefore, affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**